IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KEMONIE DENARD HALE,

    Plaintiff,

v.

GREGORY DOZIER; WARDEN MURRAY TATUM; STANLEY WILLIAMS; and GEORGIA DEPARTMENT OF CORRECTIONS, in their individual and official capacities,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-100

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Washington State Prison in Davisboro, Georgia, brought this 42 U.S.C. § 1983 action to challenge certain conditions of his confinement at Smith State Prison in Glennville, Georgia. Doc. 1. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

### BACKGROUND[1]

Plaintiff contends he fell from a third bunk on December 31, 2011 while he was housed at Smith State Prison, resulting in the breaking of his femur in two places. Doc. 1 at 5. Plaintiff alleges he has a titanium rod in place, and he is in pain at all times. Id. According to Plaintiff,

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

the pain medications that he has been prescribed are not strong enough to alleviate the pain he feels.  Id.  Plaintiff names as Defendants Gregory Dozier, the former Commissioner of the Georgia Department of Corrections; Warden Murray Tatum, the warden at Dodge State Prison in Chester, Georgia; Stanley Williams, the warden at Smith State Prison; and the Georgia Department of Corrections, all in their individual and official capacities.  Doc. 1 at 2–3.  He seeks his freedom, $1.5 million in damages, and the removal of third bunks in all facilities.  Id. at 5.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R.

Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested

that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.     Plaintiff's Claims are Barred by the Statute of Limitations**

Constitutional claims brought under § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. "To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001) (alterations in original)).

Plaintiff describes events occurring no later than December 2011. However, Plaintiff does not allege he was unaware of the facts surrounding his claims at that time, nor does he allege any facts to suggest he discovered this information at a later date. Therefore, the statute of limitations began to run in December 2011, the latest date Plaintiff claims the events occurred. Because Plaintiff did not file his Complaint in this case until September 24, 2018, Plaintiff's Complaint is untimely filed based on the applicable statute of limitations period. Thus, the Court

should **DISMISS** Plaintiff's Complaint.  However, to the extent Plaintiff sets forth claims falling under the continuing violation exception to the statute of limitations, I address these claims, as well.[2]

## II.     Official Capacity Claims

Plaintiff has brought claims against Defendants individually and in their official capacities.  Doc. 1 at 2, 3.  To the extent Plaintiff is seeking monetary damages from Defendants in their official capacities, Plaintiff cannot sustain a § 1983 claim against them.  See generally Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); see also Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) ("Such an action is barred, because any damage award would be paid out of the state treasury, an impermissible occurrence under our constitutional scheme.").  Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's § 1983 claims for monetary relief against Defendants in their official capacities.

## III.    Claims Against the Georgia Department of Corrections

Even if Plaintiff alleged a cognizable § 1983 claim against the Georgia Department of Corrections, such a claim would ultimately fail.  The immunity provisions of the Eleventh

---

[2]     Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1222 (11th Cir. 2001) ("The continuing violation doctrine is premised on the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." (internal quotation marks and citation omitted)).  "The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one-time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does."  Lovett, 327 F.3d at 1183.  However, the Eleventh Circuit Court of Appeals has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred."  Ctr. for Biological Diversity v. Hamilton, 453 F.3d 1331, 1335 (11th Cir. 2006).  "The Eleventh Circuit gives considerable weight to plaintiff's awareness of his rights and his duty to bring a timely claim."  Watkins v. Haynes, No. CV 212-050, 2013 WL 1289312, at *5 (S.D. Ga. Mar. 27, 2013).  "If an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine."  Hipp, 252 F.3d at 1222.  For completeness, the Court assumes—but only for the purposes of frivolity review—that Plaintiff's claims survive the applicable statute of limitations period.

Amendment serve as a bar to § 1983 actions against the Georgia Department of Corrections. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [a plaintiff's § 1983] action against the Georgia Department of Corrections . . . ."). This bar applies regardless of whether Plaintiff seeks money damages or prospective injunctive relief. Id. Accordingly, I **RECOMMEND** the Court **DISMISS** the Georgia Department of Corrections from this action.

### IV.   Claims Against Dozier, Tatum, and Williams

"Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or *respondeat superior*." Averhart v. Warden, 590 F. App'x 873, 874 (11th Cir. 2014) (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)). Rather, "[a] supervisor can be held liable under § 1983 if he personally participates in the alleged constitutional violation or if a causal connection exists between his acts and the constitutional infirmity." Id. "The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so, or when his customs or policies result in deliberate indifference to constitutional rights." Oliver v. Harden, 587 F. App'x 618, 620 (11th Cir. 2014).

Here, Plaintiff has failed to make any factual allegations against Defendants Dozier, Tatum, or Williams.[3] Doc. 1. Instead, it appears that Plaintiff seeks to hold these Defendants liable based on their positions as the former Commissioner and wardens at two penal institutions,

---

[3]   Plaintiff filed a cause of action regarding the same underlying set of facts approximately two years before filing this action. Compl., Hale v. Murray, 6:16-cv-155 (S.D. Ga. Nov. 15, 2016), ECF No. 1. Although Plaintiff named different entities as defendants in that case, the Court ultimately found Plaintiff failed to state a plausible claim for relief against the named defendants. Id. at Order, (S.D. Ga. July 18, 2017), ECF No. 18, pp. 2–3.

respectively. Plaintiff cannot do so under § 1983. Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Dozier, Tatum, and Williams for this additional reason.

## V.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[4]     A certificate of appealability is not required in this § 1983 action.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a

District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of December, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA